12-2284
Ai-Yun v. Holder

BIA
Zagzoug, IJ
A087 765 760

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand thirteen.

PRESENT:
>       ROBERT A. KATZMANN,
>               *Chief Judge,*
>       DEBRA ANN LIVINGSTON,
>       SUSAN L. CARNEY,
>               *Circuit Judges.*

_____

GAI AI-YUN,
>       *Petitioner,*

>       v.                                          12-2284
>                                                   NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:        Michael Brown, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Principal Deputy
                       Assistant Attorney General; Greg D.
                       Mack, Senior Litigation Counsel;
                       Wendy Benner-León, Trial Attorney;
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gai Ai-Yun, a native and citizen of the People's Republic of China, seeks review of a May 16, 2012, decision of the BIA (1) affirming the February 15, 2011, decision of Immigration Judge ("IJ") Randa Zagzoug, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"); and (2) denying her motion to reopen and remand. *In re Gai Ai-Yun*, No. A087 765 760 (B.I.A. May 16, 2012), *aff'g* No. A087 765 760 (Immig. Ct. N.Y.C. Feb. 15, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

## I. Asylum, Withholding of Removal, and CAT Relief

We review the IJ's decision to the extent it was adopted by the BIA and assume Ai-Yun's credibility. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). "The 'substantial evidence' standard of review applies, and we uphold the IJ's factual findings if they are supported by reasonable, substantial and probative evidence

2

in the record." *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (citation and internal quotation marks omitted); *see also* 8 U.S.C. § 1252(b)(4)(B). "By contrast, we review de novo questions of law and the BIA's application of law to undisputed fact." *Yanqin Weng*, 562 F.3d at 513 (brackets and internal quotation marks omitted).

In this case, Ai-Yun seeks asylum, withholding of removal, and relief under CAT based on her claim that she was detained and beaten by Chinese police and feared future persecution and torture due to her participation in an underground Christian church in China. Persecution is "the infliction of suffering or harm upon those who differ on the basis of a protected statutory ground." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). However, this harm must be sufficiently severe, rising above "mere harassment." *Id.*

Accepting Ai-Yun's account of her detention, the BIA found that the context of the harm she suffered — a single, three-day detention and only minor bruising not requiring formal medical care — was such that the mistreatment, even considered cumulatively, did not constitute persecution. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011)

3

("We have never held that a beating that occurs within the context of an arrest or detention constitutes persecution *per se*. Rather, we have held that . . . the agency must be 'keenly sensitive' to context in evaluating whether the harm suffered rises to the level of *persecution*." (quoting *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006)))). We discern no error in this determination, and so conclude that the BIA acted reasonably in deciding that the harm Ai-Yun suffered did not constitute past persecution and therefore could not support her asylum application.

Ai-Yun also contends that she has a well-founded fear of future persecution because, she claims, the Chinese government is aware that she had attended an underground church and because Chinese officials came to look for her after she fled. However, Ai-Yun did not present any credible evidence that the Chinese government continues to seek to harm her, and her pastor and other church members remained in China without being arrested, suggesting that Ai-Yun likewise would not be targeted upon her return. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008); *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999). Accordingly, the BIA did not err in finding that Ai-Yun did not establish a well-founded fear of future persecution.

4

Because Ai-Yun is unable to show the objective likelihood of persecution needed to make out an asylum claim, she is necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Melgar de Torres*, 191 F.3d at 311-12. Moreover, because Ai-Yun's CAT claim is based on the same factual predicate as her asylum claim, she cannot show that it is more likely than not that she will be tortured by the Chinese government. *See Xue Hong Yang*, 426 F.3d at 523.

## II. Motion to Remand

While her appeal was pending before the BIA, Ai-Yun submitted additional evidence, which the BIA treated as a motion to reopen and remand and then denied. "The BIA has broad discretion to deny a motion to remand grounded on new evidence," and we review the BIA's denial of such a motion for abuse of discretion. *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156-57 (2d Cir. 2005) (citing *INS v. Doherty*, 502 U.S. 314, 323 (1992)). "Permissible reasons to deny such a motion include (1) the movant's failure to make a prima facie case of eligibility for asylum; [and] (2) the movant's failure to comply with the requirement of 8 C.F.R. § 3.2(c)(1) that [her] motion articulate material, previously unavailable evidence that would be introduced at

5

a new hearing . . . ." *Id.* at 156. To establish a prima facie case, a petitioner has "the heavy burden of demonstrating that the proffered new evidence would likely alter the result in her case" and must show "a realistic chance" of obtaining relief upon reopening. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 168 (2d Cir. 2008) (internal quotation marks omitted).

In this case, Ai-Yun submitted an affidavit from her sister, a New York resident, that reiterated Ai-Yun's testimony regarding the harm she suffered in China, but Ai-Yun fails to credibly explain either why the affidavit was previously unavailable or how it would alter the results of her case. Accordingly, the BIA did not abuse its discretion in denying Ai-Yun's motion to remand.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6